# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| Second Amendment Foundation, Inc., *et al.*, <br>    Plaintiffs-Appellants, <br>v. <br>Bureau of Alcohol, Tobacco, Firearms and Explosives, *et al.*, <br>    Defendants-Appellees. | No. 23-11157 |
| William T. Mock., *et al.*, <br>    Plaintiffs-Appellees, <br>v. <br>Bureau of Alcohol, Tobacco, Firearms and Explosives, *et al.*, <br>    Defendants-Appellants. | No. 23-11199 |
| Darren A. Britto, *et al.*, <br>    Plaintiffs-Appellees, <br>v. <br>Bureau of Alcohol, Tobacco, Firearms and Explosives, <br>    Defendant-Appellant. | No. 23-11203 |
| Texas Gun Rights, Inc., *et al.*, <br>    Plaintiffs-Appellees, <br>v. <br>Bureau of Alcohol, Tobacco, Firearms and Explosives, <br>    Defendant-Appellant. | No. 23-11204 |
| State of Texas, *et al.*, <br>    Plaintiffs-Appellees, <br>v. <br>Bureau of Alcohol, Tobacco, Firearms and Explosives, *et al.*, <br>    Defendants-Appellants. | No. 23-40685 |

**UNOPPOSED MOTION TO CONSOLIDATE**

Pursuant to Federal Rule of Appellate Procedure 27, the federal government respectfully moves the Court to consolidate the above-captioned cases and to set a unified briefing schedule. Counsel for all plaintiffs have stated that they do not oppose this motion.

1. The National Firearms Act of 1934, 26 U.S.C. § 5801 *et seq.*, applies to short-barreled shotguns and rifles. *See* H.R. Rep. No. 90-1956, at 34 (1968) (Conf. Rep.). A short-barreled rifle is a "rifle"—that is, a firearm "designed," "made," and "intended" to be "fired from the shoulder"—with a barrel shorter than 16 inches. 26 U.S.C. § 5845. For those firearms, the NFA establishes a registration-and-taxation scheme. Under the statute, those to wish to import, manufacture, make, or transfer regulated firearms—including short-barreled rifles—are generally subject to certain taxes and other regulatory requirements, including a requirement to register each firearm. *See generally* 26 U.S.C. §§ 5801-5802, 5811-5812, 5821-5822.

In January 2023, the Bureau of Alcohol, Tobacco, Firearms and Explosives issued the Rule at issue in these appeals, which concerns when firearms made with devices known as "stabilizing braces" may be short-barreled rifles under the NFA. *See* Factoring Criteria for Firearms with Attached "Stabilizing Braces," 88 Fed. Reg. 6478 (Jan. 31, 2023).

2. Following the Rule's promulgation, the plaintiffs in the cases underlying each

of these appeals brought suit in district court. All plaintiffs claim that the Rule is invalid on a variety of grounds, and all sought preliminary injunctions. Initially, the district court in one of the cases, *Mock*, denied plaintiffs' motion for a preliminary injunction. On appeal, a panel of this Court held that plaintiffs in that case were likely to succeed on the merits of their claim that the Rule is not a logical outgrowth of the proposed rule and remanded for the district court to address the remaining preliminary injunction factors in the first instance. *See Mock v. Garland*, 75 F.4th 563 (5th Cir. 2023).

After this Court's decision in *Mock*, the district courts in each of these cases ruled on plaintiffs' preliminary injunction motions. In one case, the district court denied plaintiffs' motion, concluding that they had not shown prejudice from any logical-outgrowth violation, were not irreparably harmed, and were otherwise unlikely to succeed on the merits. *Second Amendment Found. v. ATF*, -- F. Supp. 3d --, 2023 WL 7490149 (N.D. Tex. Nov. 13, 2023). That case is now on appeal as No. 23-11157.

In two other cases, the district courts concluded that at least some plaintiffs were likely to succeed on the merits of their logical outgrowth claim and had otherwise established the requirements for a preliminary injunction; these courts entered preliminary injunctions barring enforcement of the Rule against at least some of the plaintiffs. *See Mock v. Garland*, -- F. Supp. 3d --, 2023 WL 6457920 (N.D. Tex. Oct. 2, 2023); *Texas v. ATF*, -- F. Supp. 3d --, 2023 WL 7116844 (S.D. Tex. Oct. 27,

2023). Those cases are now on appeal as Nos. 23-11199, 23-40658.

In a fourth case, the district court concluded that plaintiffs were likely to succeed on the merits of an arbitrary and capricious claim and had otherwise established the requirements for a preliminary injunction; that court likewise entered a preliminary injunction barring enforcement of the Rule against plaintiffs. *Texas Gun Rights v. ATF*, 2023 WL 8352316 (N.D. Tex. Oct. 4, 2023). That case is now on appeal as No. 23-11204.

And in a fifth case, the district court concluded that plaintiffs were likely to succeed because, under *Mock*, the Rule is likely not a logical outgrowth of the proposed rule and that they had otherwise established the requirements for preliminary relief. Unlike the other three district courts to rule in plaintiffs' favor, however, that district court entered a universal stay against the Rule. *Britto v. ATF*, 2023 WL 7418291 (N.D. Tex. Nov. 8, 2023). That case is now on appeal as No. 23-11203.

3. These five appeals present substantially overlapping factual and legal issues. They all arise out of the grant or denial of plaintiffs' motions for preliminary injunctions against the Rule. And the appeals all involve substantially similar legal issues, including about the effect of *Mock*'s holding, whether the Rule irreparably harms regulated entities, whether the government and public interest in the Rule outweigh any such harm, and the appropriate scope of any relief. .

The government thus respectfully requests that the five cases be consolidated. In these circumstances, consolidation will promote judicial economy, avoid burdening the Court with duplicative briefing, and ameliorate any risk that the panels hearing the five appeals might reach different conclusions on the same legal issues. *Cf. Forkner v. Fisher*, 678 F. App'x 210, 211 (5th Cir. 2017) (per curiam).

In addition, because the government is appellee in one of the five appeals and appellant in the other four, the government respectfully requests that the court order a briefing format modeled off the format for cross-appeals provided in Fed. R. App. P. 28.1. Under this format, the briefing schedule would be as follows:

- Federal government opening brief in Nos. 23-11199, 23-11203, 23-11204, and 23-40658.

- Plaintiffs' opening brief in No. 23-11157 and plaintiffs' response briefs in Nos. 23-11199, 23-11203, 23-11204, and 23-40658.

- Federal government response brief in No. 23-11157 and reply brief in Nos. 23-11199, 23-11203, 23-11204, and 23-40658.

- Plaintiffs' reply brief in No. 23-11157.

It is the government's understanding that, if this schedule is adopted, each set of plaintiffs may choose to file their own brief. The government would file a single consolidated opening brief but, depending on the length and degree of overlap presented by plaintiffs' briefing, may move for a modest extension of the word limit

5

for a combined response/reply brief.

4. The government has reached out to counsel for plaintiffs in each of the five appeals, and counsel has informed that government that none objects to consolidation or the briefing format proposed in this motion.

Respectfully submitted,

ABBY C. WRIGHT

/s/ Sean R. Janda
SEAN R. JANDA
*Attorneys, Appellate Staff*
*Civil Division, Room 7260*
*U.S. Department of Justice*
*950 Pennsylvania Avenue NW*
*Washington, DC 20530*
*(202) 514-3388*
*sean.r.janda@usdoj.gov*

DECEMBER 2023

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 986 words, according to the count of Microsoft Word.

*/s/ Sean R. Janda*
Sean R. Janda