# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| Second Amendment Foundation, Inc., *et al.*,<br>    Plaintiffs-Appellants,<br>v.<br>Bureau of Alcohol, Tobacco, Firearms and Explosives, *et al.*,<br>    Defendants-Appellees.<br>_____ | No. 23-11157 |
| William T. Mock., *et al.*,<br>    Plaintiffs-Appellees,<br>v.<br>Bureau of Alcohol, Tobacco, Firearms and Explosives, *et al.*,<br>    Defendants-Appellants.<br>_____ | No. 23-11199 |
| Darren A. Britto, *et al.*,<br>    Plaintiffs-Appellees,<br>v.<br>Bureau of Alcohol, Tobacco, Firearms and Explosives,<br>    Defendant-Appellant.<br>_____ | No. 23-11203 |
| Texas Gun Rights, Inc., *et al.*,<br>    Plaintiffs-Appellees,<br>v.<br>Bureau of Alcohol, Tobacco, Firearms and Explosives,<br>    Defendant-Appellant.<br>_____ | No. 23-11204 |
| State of Texas, *et al.*,<br>    Plaintiffs-Appellees,<br>v.<br>Bureau of Alcohol, Tobacco, Firearms and Explosives, *et al.*,<br>    Defendants-Appellants. | No. 23-40685 |

**OPPOSITION TO MOTION FOR AN  
EXTENSION OF TIME FILED BY STATE OF TEXAS**

Pursuant to Federal Rules of Appellate Procedure 27 and Fifth Circuit Rule 31.4, the federal government respectfully opposes the State of Texas's request for an extension of time to file its brief from February 21, 2024, to March 22, 2024.

1. This Court has consolidated five challenges to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF)'s issuance of a rule addressing firearms equipped with stabilizing braces. *See* Dkt. No. 30; Factoring Criteria for Firearms with Attached "Stabilizing Braces," 88 Fed. Reg. 6478, 6525 (Jan. 31, 2023) (the Rule). Those appeals are Nos. 23-11157 (*Second Amendment Foundation*), 23-11199 (*Mock*), 23-11203 (*Britto*), 23-11204, (*Texas Gun Rights*), and 23-40685 (*Texas*). They concern preliminary-injunction motions, and so call for expedited processing. *see* 5th Cir. R. 47.7. That is especially true because in one of the consolidated cases, the district court has issued a nationwide stay of the Rule. *See* No. 23-11203 (*Britto*).

To address concerns about piecemeal briefing given the number of parties involved in these appeals, the parties agreed to—and this Court ordered—a consolidated briefing schedule modeled off the format for cross-appeals provided in Fed. R. App. P. 28.1 that would take place in four steps: (1) the federal government would file its principal brief in *Mock*, *Britto*, *Texas Gun Rights*, and *Texas*; (2) the plaintiffs in *Second Amendment Foundation* would file their principal brief and the other plaintiffs would file their response; (3) the federal government would file its response

2

in *Second Amendment Foundation* and reply in the other cases; and (4) the plaintiffs in *Second Amendment Foundation* would file their reply. *See* Dkt. No. 20. These filings would occur under default timing rules. *See* Dkt. No. 30-1. The federal government's principal brief was filed on January 22, 2024. *See* Dkt. No. 42. Accordingly, the principal brief for the plaintiffs in *Second Amendment Foundation* and the response brief for the plaintiffs in the other cases is due February 22, 2024.

The federal government has consented to a 7-day extension of time for the plaintiffs in *Second Amendment Foundation* to file their opening brief and the plaintiffs in other cases to file their response brief, if those plaintiffs choose to seek one, so long as all plaintiffs adopt the same filing deadline, such that all deadlines move seven days later.

2. The State of Texas has, however, requested additional time to file a brief based on its counsel's other obligations. But Texas has no direct interest in these consolidated appeals. Texas was denied preliminary relief and has not appealed that denial. Although Texas challenged the Rule alongside other separately represented plaintiffs in *Texas v. ATF*, No. 23-CV-13 (S.D. Tex.), and the district court granted some of the other plaintiffs a preliminary injunction—in the order under review in No. 23-40685—the court concluded that Texas likely lacked standing and denied them any preliminary relief. *See* ROA.23-40685.1042-44. Texas therefore has no interest in the resolution of these appeals, and the denial of an extension could not

prejudice the State's interests. For the same reason, there is no cause to delay resolution of any of these consolidated appeals for the State's benefit.

3. A 30-day extension for the State of Texas to file a brief where it has no direct interest in the litigation would also prejudice the federal government. As explained, a district court has stayed the Rule on a nationwide basis. Until these consolidated appeals are resolved, ATF may not enforce the Rule, which protects important interests of the government and the public. There is no cause to further delay resolution of the consolidated appeals by additional days beyond the anticipated schedule.

And the extension requested by the State of Texas would moreover undermine the litigating parties' consolidated briefing schedule. A lengthy extension for Texas alone, given after the federal government filed its principal brief, upsets the agreed-upon scheme—and invites the kind of piecemeal briefing that a consolidated schedule was designed to prevent. Altering that schedule may well lead to further extensions and further delay.

## CONCLUSION

For the foregoing reasons, we respectfully ask that the Court deny the State of Texas's extension request.

Respectfully submitted,

Abby C. Wright
Sean R. Janda

/s/ Ben Lewis
Ben Lewis
*Attorneys*
*Civil Division, Appellate Staff*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W., Room 7250*
*Washington, D.C. 20530*
*(202) 514-2494*

JANUARY 2024

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I hereby certify that this opposition complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared with Garamond 14-point, a proportionally spaced font with serifs, and the opposition complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 700 words, according to the word count of Microsoft Word.

                                                         */s/ Ben Lewis*
                                                       Ben Lewis

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2024, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Ben Lewis*
Ben Lewis