**WILL**

WISCONSIN INSTITUTE FOR LAW & LIBERTY, INC.
330 E. Kilbourn Avenue, Suite 725, Milwaukee, WI 53202-3141
414-727-WILL (9455)  |  Fax 414-727-6385  |
www.will-law.org

April 5, 2024

**Sent CM/ECF**

**Re: Supplemental Authority Supporting Plaintiffs-Appellees in Nos. 23-11203 & 23-11204.**

Dear Clerk of Courts:

Under FRAP 28(j), Plaintiffs-Appellees request that this Court consider the attached supplemental authority. On March 29, 2024, the Northern District of Texas, via the Honorable Sam A. Lindsay, issued an opinion and order in *NRA v. Bureau*, No. 3:23-CV-1471-L. The district court preliminarily enjoined the Bureau from enforcing the new rule against NRA members.

This letter is timely because the district court rendered its decision after Plaintiffs-Appellees filed their response brief, and Plaintiffs-Appellees have moved promptly to bring the authority to this Court's attention.

The authority reenforces several arguments presented in Plaintiffs-Appellees' response brief. First, addressing the likelihood of success, the district court concluded that the new rule was not a logical outgrowth of what the Bureau proposed. *NRA*, No. 3:23-CV-1471-L, at 15–16. Plaintiffs-Appellees' made the same point. Doc. 85:62–65.

Next, the district court concluded that NRA members would "sustain compliance costs that will not be recoverable if it prevails"; accordingly, the NRA had established irreparable harm. *NRA*, No. 3:23-CV-1471-L, at 18. Plaintiffs-Appellees made an identical argument, emphasizing that complying with the new rule would be "costly." Doc. 85:74.

Lastly, the district court concluded that preliminary relief served the balance of the equities and was in the public interest because administrative agencies lack a cognizable interest in enforcing unlawful rules. *NRA*, No. 3:23-CV-1471-L, at 21. Plaintiffs-Appellees similarly explained that "[t]here is generally no public interest in the perpetuation of unlawful agency action." Doc. 85:76 (quoted source omitted).

Accordingly, Plaintiffs-Appellees request that this Court consider the authority.

Sincerely,

/s/ *Skylar Croy*
Skylar Croy
Wisconsin Institute for Law & Liberty, Inc.
*Attorney of Record*

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2024, I electronically filed this letter with the Clerk of Courts for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system; accordingly, this letter was served via CM/ECF on all counsel who are registered CM/ECF users.

Dated: April 5, 2024

/s/ *Skylar Croy*
Skylar Croy
Wisconsin Institute for Law & Liberty, Inc.
*Attorney of Record*

## CERTIFICATE OF COMPLIANCE

This letter complies with FRAP 28(j). The body of this letter is 248 words, as calculated by Microsoft Word.

Dated: April 5, 2024

/s/ *Skylar Croy*
Skylar Croy
Wisconsin Institute for Law & Liberty, Inc.
*Attorney of Record*