

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7260
Washington, D.C. 20530-0001

Tel: (202) 514-3388

July 23, 2024

**By ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

      Re:    *Second Amendment Foundation, Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, Nos. 23-11157, 23-11199, 23-11203, 23-11204, 23-40556, 23-40685 (not scheduled for oral argument)

Dear Mr. Cayce:

    We write to notify the Court of two recent Supreme Court decisions that bear on the appropriate scope of any relief entered in this case.

    First, in *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570 (2024), the Court reiterated the "presumption" that "statutes that authorize preliminary and permanent injunctions" do not permit the "depart[ure] from established principles" of equity governing such relief. *Id.* at 1576 (quotation omitted). And the Court explained that a "statutory directive to grant relief when the district court deems it 'just and proper'"—interpreted to mean "fair" and "appropriate"—"invokes the discretion that courts have traditionally exercised when faced with requests for equitable relief." *Id.* at 1576-77 (quotations omitted). This decision underscores the error in the *Britto* district court's entry of a universal stay under 5 U.S.C. § 705, which authorizes courts to "issue all necessary and appropriate process to postpone the effective date of an agency action." As the government explained (Opening Br. 44-48; Response and Reply

Br. 83-87), that relief violated traditional principles of equity that require relief be no broader than necessary to redress the plaintiff's specific harm. *McKinney* makes clear that those traditional equitable principles were incorporated into—not displaced by—section 705.

     Second, in *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024), Justice Thomas articulated the legal and practical problems with permitting associational plaintiffs to obtain relief on behalf of all of their members. Such relief, he explained, "run[s] roughshod over th[e] traditional understanding of the judicial power" by "allow[ing] a plaintiff to seek to vindicate someone else's injuries"; "does not comport with the requirement that the plaintiff present an injury that the court can redresss"; "subverts the class-action mechanism"; and "creates the possibility of asymmetrical preclusion." *Id.* at 397-405 (Thomas, J., concurring). Justice Thomas's concurrence underscores the inequitable nature of the *Mock*, *Texas Gun Rights*, and *Texas* district courts' extension of relief to unidentified members of plaintiff associations (and underscores the problems with the Second Amendment Foundation's request for similar relief). *See* Opening Br. 48-52; Response and Reply Br. 87-91.

                            Sincerely,

                            ABBY C. WRIGHT

                            /s/ Sean R. Janda
                            SEAN R. JANDA
                            BEN LEWIS
                               Attorneys
                               Civil Division, Appellate Staff
                               U.S. Department of Justice
                               950 Pennsylvania Avenue NW
                               Room 7260
                               Washington, D.C. 20530
                               (202) 514-3388