**WILL**

WISCONSIN INSTITUTE FOR LAW & LIBERTY, INC.
330 E. Kilbourn Avenue, Suite 725, Milwaukee, WI 53202-3141
414-727-WILL (9455)  |  Fax 414-727-6385  |
www.will-law.org

August 5, 2024

**Sent CM/ECF**

**Re:   Response of Plaintiffs-Appellees in Nos. 23-11203 & 23-11204 to the Bureau's Submission of Supplemental Authority, *United States v. Rahimi*, 144 S. Ct. 1889 (2024).**

Dear Clerk of Courts:

The Bureau now relies on *United States v. Rahimi*, 144 S. Ct. 1889 (2024).

*Rahimi* is a narrow decision, in which the United States Supreme Court held "only" that "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." *Id.* at 1903. The Court emphasized that the firearms regulation at issue—like the historical analogues on which the government relied—disarmed individuals only after a court had made a finding that the individual is dangerous. *Id.* at 1901–02. The Court also explained that the regulation disarmed individuals only for a "limited duration." *Id.* at 1902.

"Unlike" other firearms regulations that the Court has held are unconstitutional, the regulation at issue in *Rahimi* did not "broadly restrict" the Second Amendment rights of "the public generally." *Id.* at 1901. Indeed, the Court remarked: "Disarm a community and you rob them of the means of defending life. Take away their weapons of defense and you take away the inalienable right of defending liberty." *Id.* at 1897 (quoted source omitted).

*Rahimi* was not about firearms regulations that constrain law-abiding citizens, yet the Bureau relies on *Rahimi* for the proposition that "the Second Amendment permits disarmament of 'instruments that constitute bearable arms' that are not 'typically possessed by law-abiding

citizens for lawful purposes.' " R. 188:1. Additionally, the Bureau takes a single reference in the Court's opinion to "dangerous and unusual weapons" in "[s]ome jurisdictions" at the founding and reads it as support for a broad ban on pistols with stabilizing braces. *See Rahimi*, 144 S. Ct. at 1897 (quoted source omitted).

The ban, on its face, is a broad restriction on the public generally. Millions of law-abiding citizens have owned such pistols, and the Bureau has little to no data indicating they are being used with any significant frequency by criminals. R. 93:25, 31. On the contrary, braces "improve[] a pistol's stability," thereby increasing "accuracy," which "promotes safety." R. 93:45 (quoting *Mock v. Garland*, 75 F.4th 563, 588 (5th Cir. 2023) (Willett, J., concurring)).

Sincerely,

/s/ *Skylar Croy*
Skylar Croy
Wisconsin Institute for Law & Liberty, Inc.
*Attorney of Record*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2024, I electronically filed this letter with the Clerk of Courts for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system; accordingly, this letter was served via CM/ECF on all counsel who are registered CM/ECF users.

Dated: August 5, 2024

/s/ *Skylar Croy*
Skylar Croy
Wisconsin Institute for Law & Liberty, Inc.
*Attorney of Record*

## CERTIFICATE OF COMPLIANCE

  This letter complies with FRAP 28(j). The body of this letter is 347 words, as calculated by Microsoft Word.

Dated: August 5, 2024

/s/ *Skylar Croy*
Skylar Croy
Wisconsin Institute for Law & Liberty, Inc.
*Attorney of Record*