**WISCONSIN INSTITUTE FOR LAW & LIBERTY, INC.**
330 E. Kilbourn Avenue, Suite 725, Milwaukee, WI 53202-3141
414-727-WILL (9455)  |  Fax 414-727-6385  |
www.will-law.org

August 5, 2024

**Sent CM/ECF**

**Re:  Response of Plaintiffs-Appellees in Nos. 23-11203 & 23-11204 to the Bureau's Submission of Supplemental Authority, *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570 (2024) and *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367 (2024).**

Dear Clerk of Courts:

The Bureau reads too much into *Starbucks Corp. v. McKinney*, 144 S. Ct. 1570 (2024). This Circuit has held that the "default" rule under the Administrative Procedures Act is vacatur, and a stay under 5 U.S.C. § 705 is merely a temporary form of vacatur. *E.g.*, *Cargill v. Garland*, 57 F.4th 447, 472 (5th Cir. 2023) (explaining "vacatur . . . is the default rule" and remanding for consideration of the scope of the remedy), *aff'd*, 602 U.S. 406 (2024). *Starbucks* did not "hide" an "elephant[]" for the Bureau to discover. *See Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 468 (2001); *Mi Familia Vota v. Ogg*, 105 F.4th 313, 327 (5th Cir. 2024) (explaining circuit precedent is binding unless it has been "unequivocally" overruled). Indeed, after *Starbucks*, one justice (who joined the majority in *Starbucks*) explained that "[t]he text and history of the APA authorize vacatur. . . . Over the decades, this Court has affirmed countless decisions that vacated agency actions, including agency rules." *Corner Post, Inc. v. Bd. of Governors of the Fed. Rsrv. Sys.*, 144 S. Ct. 2440, 2462–63 (2024) (Kavanaugh, J., concurring).

In this action, a stay is appropriate for a variety of reasons. R. 93:80. Stays are common when several actions are ongoing for the sake of simplicity. They can also be necessary to preserve the status quo. For example, a citizen who wants to purchase a regulated pistol will have a difficult time even if he or she has a preliminary injunction if sellers are unclear on their rights (and sellers cannot make a living if only a few people with the resources to sue have an injunction). A stay directly

addresses and relates to the legal violation—the promulgation of an illegal rule—better than an injunction. R. 93:80.

The Bureau also references a concurrence by Justice Clarence Thomas; however, he did not claim to summarize the state of jurisprudence but rather called for a change in jurisprudence. *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 405 (2024) (Thomas, J., concurring) (noting the Court has "consistently applie[d]" the "associational-standing doctrine").

Sincerely,

/s/ *Skylar Croy*
Skylar Croy
Wisconsin Institute for Law & Liberty, Inc.
*Attorney of Record*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2024, I electronically filed this letter with the Clerk of Courts for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system; accordingly, this letter was served via CM/ECF on all counsel who are registered CM/ECF users.

Dated: August 5, 2024

/s/ *Skylar Croy*
Skylar Croy
Wisconsin Institute for Law & Liberty, Inc.
*Attorney of Record*

## CERTIFICATE OF COMPLIANCE

This letter complies with FRAP 28(j). The body of this letter is 350 words, as calculated by Microsoft Word.

Dated: August 5, 2024

/s/ *Skylar Croy*
Skylar Croy
Wisconsin Institute for Law & Liberty, Inc.
*Attorney of Record*